Gastorr, Judge,
i /he facts of this case are undisputed, and the equity upon them is obvious. (His Honor here recited the facts as above and proceeded.) We are of opinion that the plaintiff is clearly entitled to the relief asked for. Nothing is better established* than that marriage is a gift to the husband of all the personal chattels of the wife in pos_ session. As the beneficial interest in the slaves, at the time Grice’s marriage, was wholly in Mrs. Bronson, they were then, in the contemplation of a Court of Equity, her slaves. This indeed is not contested. But we hold it to be equally indisputable, that they were her slaves in possession. As at possession of a cestiiy que trust is the possession of trustee, the legal owner; so in equity, the possession of trustee is the possession of the cestuy que trust, the ben-egcja[ owner. The principle which prevails in both courts * 1 1 is the same, and is, in truth, but a principle of good sense, that every possession held for the owner of property and in assertion of his claim of dominion, being an application of the prope rty to the service of the owner, is the possession of *201 the owner by his agent, curator or bailee.- Upon the marriage, therefore, these slaves, which were, in equity, absolutely the slaves of the wife, became as absolutely the slaves * * of the husband. The argument for the defendants is predicated upon the assumption that', at the time of this marriage, the slaves were choses in action, not reduced into possession; ; 1 1 but as this assumption is unfounded, the argument necessa-nly falls with it.
Where cesm <pie ¿yiist incurs costs at law, h e<i"ite3!e against his trustee,with atonce -ml% redress, he quRyVeco6-costs expen-isdedatiaw, be reimbursed the costa paid to the trustee in the suit law.
The plaintiff, under'the rule established in Keaton v. Cobb, 1 Dev. Eq. Rep. 439, must pay his own costs incurred in the suit at law, by there setting up a defence which was' in law untenable, but he is to be relieved from paying the defendant, Bronson, his costs recovered in that action, and also entitled to recover from the defendants the costs of this •i.
Per Curiam. Decree for the plaintiff.